UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HELENE SINATRA, as Executrix of the             :
Estate of MARIE VITTIBURGA, deceased,           :
                                                :
                          Plaintiff,            :
                                                : Case No. 21-CV-3280
         -against-                              :
                                                : NOTICE OF REMOVAL
MERCER (US) INC. and NYSUT MEMBERS              :
BENEFIT CORPORATION d/b/a NYSUT                 :
MEMBERS BENEFIT TRUST,                          :
                                                :
                          Defendants.           :
------------------------------------------------------------------X

TO:   CLERK, United States District Court
      for the Eastern District of New York

      PLEASE TAKE NOTICE that the above-captioned action, commenced in the Supreme Court of the State of New York, County of Kings, is hereby removed to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§1441 and 1446.

## GROUNDS FOR REMOVAL

    1.    Plaintiff Helene Sinatra is the Executrix of the Estate of Marie Vittiburga.

    2.    Marie Vittiburga was a "participant" in the NYSUT Member Benefits Catastrophe Major Medical Insurance Trust ("the CMM Trust") within the meaning of Section 3(7) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(7).  The CMM Trust is a self-insured "employee welfare

benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).  The Verified Complaint alleges (incorrectly) that the Catastrophe Major Medical Plan is sponsored by Defendant NYSUT Member Benefits Corporation d/b/a NYSUT Member Benefits Trust.

3. As the Executrix of the Estate of Marie Vittiburga, Plaintiff Helene Sinatra claims to be entitled to payment of benefits allegedly due under the Plan in connection with medical care costs and expenses incurred while Marie Vittiburga was a participant.

4. The NYSUT Member Benefits Trust is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

5. Plaintiff alleges in the Complaint that she filed a claim under the Catastrophe Major Medical Plan, that defendants have not provided a determination with respect to the claim as required by the Plan, and that defendants thereby failed to pay the claim.

6. Plaintiff thereafter commenced this action against defendants in the Supreme Court of the State of New York, County of Kings, bearing the Index No. 510804/2021.  A copy of Plaintiff's Summons and Verified Complaint is attached as Exhibit A.

7. Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover

benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

       8.      On or about May 12, 2021, Defendants NYSUT Member Benefits Corporation ("MBC") and NYSUT Member Benefits Trust ("MBT") received a copy of the Summons and Verified Complaint.

       9.      This Notice of Removal is filed by Defendants MBC and MBT within thirty (30) days of receipt of the Summons and Verified Complaint, as required by 28 U.S.C. §1446(b).

       10.      As appears on the face of the Verified Complaint, plaintiff's First Cause of Action challenges defendants' alleged failure to make a determination with respect to plaintiff's claim and thereby allegedly denying plaintiff medical benefits under the Plan.  That is, plaintiff seeks to recover benefits she alleges are due her under the terms of the Plan, to enforce her rights under the term of the Plan, or to clarify her rights to future benefits under the terms of the Plan.

       11.      Plaintiff's Complaint is completely preempted by, and must be decided solely on the basis of, federal law.  Specifically, plaintiff's First Cause of Action states a cause of action arising under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B).  This Court has original jurisdiction over the subject matter of this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), and 28 U.S.C. §1331.  As

plaintiff's entitlement to relief, if any, necessarily arises under laws of the United States, defendants may remove plaintiff's action to this court under 28 U.S.C. §1441.

12. The assertion of a single federal claim by plaintiff is sufficient for removal. 28 U.S.C. § 1441(a) and (c) provides, in pertinent part:

> (a) GENERALLY.-
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
> \* \* \*
> (c) JOINDER OF FEDERAL LAW CLAIMS AND STATE LAW CLAIMS.-
>> (1) If a civil action includes—
>>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

Accordingly, defendants may properly remove the entire action because plaintiff's First Cause of Action arises under federal law.

13. Plaintiff's remaining claims are, in any event, also completely preempted by ERISA and may also be the basis for removal of the entire action to this court under 28 U.S.C. §1441.

14. Plaintiff originally filed this proceeding in state court in this District. Therefore, venue is proper in this Court.

15. Contrary to the allegations of the Verified Complaint, the CMM Trust, MBC, and MBT are separate entities. To avoid confusion, defendants MBC and MBT are the removing parties. Defendant Mercer US Inc. ("Mercer") also joins in the removal of this action. See Exhibit B, annexed hereto. Although not required, the CMM Trust (a non-party) consents to the removal of this action. See Exhibit C, annexed hereto. By joining in or consenting to the removal, Mercer and the CMM Trust, respectively, do not waive any defense or affirmative defenses, including but not limited to any defense relating to service.

16. Upon information and belief, no further proceedings have been had in connection with plaintiff's Complaint. No previous petition for removal of this proceeding has been made.

17. Pursuant to 28 U.S.C. § 1446(d), Defendants MBC and MBT will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings, to effectuate the removal of this civil action.

Dated: June 10, 2021
       New York, New York

                            Respectfully submitted,

By: /s/*Richard A. Brook*
     Richard A. Brook (RAB 7355)
     MEYER, SUOZZI, ENGLISH &
       KLEIN, P.C.
     1350 Broadway, Suite 1420
     New York, New York  10018
     (212) 239-4999
     rbrook@msek.com

Attorneys for Defendants
NYSUT Member Benefits Corporation
and NYSUT Member Benefits Trust