FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM
NYSCEF DOC. NO.
DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

INDEX NO. 510804/2021
RECEIVED NYSCEF: 05/07/2021

Case 1:21-cv-03280-EB-RML   Document 1-2   Filed 06/10/21   Page 1 of 52 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------x

HELENE SINATRA, as Executrix of the Estate of
MARIE VITTIBURGA, deceased,

                  Plaintiffs,

          -against-

MERCER (US) INC. and NYSUT MEMBERS
BENEFIT CORPORATION d/b/a NYSUT
MEMBERS BENEFIT TRUST

                Defendants

---------------------------------------------------------------x

Index No.:

**SUMMONS**

Plaintiff designates KINGS
County as the Place of
Trial

Basis of Venue is CPLR
503(b) Plaintiff's County
of Appointment

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this Summons, to serve notice of
appearance on the plaintiff's attorneys within twenty [20] days after the service of this
summons, exclusive of the day of service (or within thirty [30] days after the service is
complete if this summons is not personally delivered to you within the State of New York); and
in case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.

Dated: April 23, 2021
      Garden City, New York

                    **SILBERSTEIN, AWAD & MIKLOS, P.C.**

                By:_____

                    ROBERT A. MIKLOS
                    Attorneys for Plaintiffs
                    600 Old Country Road, Suite 505
                    Garden City, New York 11530
                    (516) 832-7777
                    Our File No.: 7780

Defendants' Addresses:

**MERCER (US) INC.**
1166 Avenue of the Americas, New York, New York, 10036

4

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM INDEX NO. 510804/2021

NYSCEF DOC. NO. 1 Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E RECEIVED NYSCEF: 05/07/2021

28 Liberty Street, New York, New York 10005
Secretary of State One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231

**NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST**
800 Troy-Schenectady Road, Latham, New York 12110
8 Prolyn Road, Lake George New York 12845
Secretary of State One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231

5

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 1     DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E          RECEIVED NYSCEF: 05/07/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------x

HELENE SINATRA, as Executrix of the Estate of
MARIE VITTIBURGA, deceased,                                    Index No.:

                                        Plaintiffs,

                                                              **VERIFIED COMPLIANT**

        -against-

MERCER (US) INC. and NYSUT MEMBERS
BENEFIT CORPORATION d/b/a NYSUT
MEMBERS BENEFIT TRUST

                                        Defendants

------------------------------------------------------------x

Plaintiffs, by and through their attorneys, SILBERSTEIN, AWAD & MIKLOS, P.C., complaining of the defendants, allege as follows:

1.      This is an action in which recovery is sought for the reimbursement for the costs of covered health services. Plaintiff has provided all documentation required by the Defendants MERCER (US) INC. and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST in order for a final determination to be made regarding the submitted claims. The Defendants have failed to timely issue a determination regarding said claims, as required under New York State Law and the Catastrophe Major Medical Plan Plan Document Policy #CMMI - 001, thus forcing plaintiff to commence this action.

## THE PARTIES

2.      That at all times herein mentioned, plaintiff HELENE SINATRA, as Executrix of the Estate of MARIE VITTIBURGA, deceased, is a resident of the County of Nassau, State of New York.

6

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM INDEX NO. 510804/2021

NYSCEF DOC. NO. 1

DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

RECEIVED NYSCEF: 05/07/2021

3. That at all times herein mentioned, plaintiff-decedent MARIE VITTIBURGA, was a resident of the County of Kings, State of New York.

4. That at all time hereinafter mentioned, plaintiff HELENE SINATRA was appointed Executor of the Estate of Marie Vittiburga on December 1, 2017, and was issued Letters Testamentary by the Surrogate's Court of the State of New York Kings County on December 7, 2017.

5. That at all times hereinafter mentioned, defendant, MERCER (US) INC., was a domestic corporation duly organized and existing under and pursuant to the laws of the State of New York.

6. That at all times hereinafter mentioned, defendant, MERCER (US) INC., was a foreign corporation authorized to do business pursuant to the laws of the State of New York.

7. That at all times hereinafter mentioned, defendant, MERCER (US) INC., was a domestic corporation doing business in the City and State of New York.

8. That at all times hereinafter mentioned, defendant, MERCER (US) INC., was a foreign corporation doing business in the City and State of New York.

9. At all times hereinafter mentioned defendant, MERCER (US) INC., did business at 1166 Avenue of the Americas, New York, New York 10036.

10. That at all times hereinafter mentioned, defendant, NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST, was a domestic corporation duly organized and existing under and pursuant to the laws of the State of New York.

11. That at all times hereinafter mentioned, defendant, NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST, was a foreign

7

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM
NYSCEF DOC. NO.
DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

INDEX NO. 510804/2021
RECEIVED NYSCEF: 05/07/2021

corporation authorized to do business pursuant to the laws of the State of New York.

12.    That at all times hereinafter mentioned, defendant, NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST, was a domestic corporation doing business in the City and State of New York.

13.    That at all times hereinafter mentioned, defendant, NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST, was a foreign corporation doing business in the City and State of New York.

14.    At all times hereinafter mentioned defendant, NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST, did business at 800 Troy-Schenectady Road, Latham, New York 12110.

15.    At all times hereinafter mentioned defendant, NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST, entered into an agreement with MERCER (US) INC., to provide and service Catastrophe Major Medical (CMM) Plans to the members of NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST.

16.    At all times hereinafter mentioned defendant, MERCER (US) INC., entered into an agreement with  NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST., to sponsor and fund the Catastrophe Major Medical (CMM) Plans to the members of NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST.

**RELEVANT BACKGROUND INFORMATION**

17.    That at all relevant times, the plaintiff-decedent was an enrolee in the Catastrophe Major Medical Plan sponsored by the Defendant NYSUT MEMBERS BENEFIT

8

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM    INDEX NO. 510804/2021

NYSCEF DOC. NO. 1    DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E    RECEIVED NYSCEF: 05/07/2021

CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST and serviced by the Defendant MERCER (US) INC by virtue of her payment of money in exchange for a promise to pay benefits under the plan. A copy of the Plan is attached as **Exhibit "A"**.

18.    That while enrolled in the Catastophic Major Medical Plan the plaintiff's decedent MARIE VITTIBURGA suffered through diagnosis, injuries, pain and suffering, medical treatment and hospitalizations and death and health care costs, liens and statutory rights of reimbursement from Medicare and Medicaid that were covered under the Plan.

19.    That as a result of these diagnosis, injuries, pain and suffering, medical treatment and hospitalizations and death MARIE VITTIBURGA and her estate incurred medical expenses and costs that are required to be paid and/or reimbursed.

20.    That at all relevant times, the plaintiff HELENE SINATRA, as Executrix of the Estate of MARIE VITTIBURGA, deceased, commenced an action for medical malpractice, in the Supreme Court of Kings County on December 18, 2017, index no.: 524232/2017.

21.    That at all relevant times, the law firm Silberstein, Awad & Miklos represented plaintiff HELENE SINATRA, as Executrix of the Estate of MARIE VITTIBURGA, deceased, in the above Supreme Court action index no. 524232/2017.

22.    On June 15, 2020, the above Supreme Court action index no. 524232/2017 settled.

23.    Pursuant to 42 U.S.C. §1395y(b)(2) and § 1862(b)(2)(A)/Section and § 1862(b)(2)(A)(ii) of the Social Security Act, Medicare has a statutory right to be reimbursed for the medical care costs that were incurred on behalf of the beneficiary, when payment for such medical expenses have been paid for under a liability insurance policy.

24.    Pursuant to 42 U.S.C. §1395y(b)(2) and § 1862(b)(2)(A)/Section and §

9

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM                    INDEX NO. 510804/2021

NYSCEF DOC. NO.                                                  RECEIVED NYSCEF: 05/07/2021

DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

1862(b)(2)(A)(ii) Medicare asserted a lien in the amount of $291,222.58 against the Estate of plaintiff-decedent MARIE VITTIBURGA/ settlement proceeds of the Supreme Court action index no. 524232/2017.

25.   Pursuant to NYS SSL 104 and 366, 369 the NYC Department of Social Services has the right to assert a lien against the estate of the deceased recipients' assets and/or personal injury action settlements for the recovery of benefits expended for Public Assistance and Medicaid from the settlement of said lawsuit.

26.   Pursuant to NYS SSL 104 and 366, 369 the NYC Department of Social Services /Medicaid asserted a lien in the amount of $98,436.01 against the Estate of plaintiff-decedent MARIE VITTIBURGA/ settlement proceeds of the Supreme Court action index no. 524232/2017.

27.   In the best interest of the Estate and in order to avoid substantial interest on the Medicare lien, Silberstein, Awad and Miklos, P.C. has paid the Medicare lien in the amount of $291,222.58 out of the proceeds of the settlement that would otherwise been due the estate.

28.   That the Medicaid lien is still due.

29.   Pursuant to the CMM Plan Document:

> A $25,000.00 Deductible must be satisfied by each covered participant under the Plan before any eligible benefits are paid. Covered participants have up to 36 consecutive months to accumulate the Deductible. Covered Charged paid by Basic Plan(s) and/or Medicare can be used to satisfy the Deductible, in addition to eligible out-of-pocket expenses. Only charges that are actually incurred and paid are considered Covered Charges under the Plan. (Page 15 of the CMM Plan Document)

> [M]edical care benefits will be paid for Covered Charged incurred by a state for medical assistance to a covered participant under

10

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM

NYSCEF DOC. NO. 1
DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

INDEX NO. 510804/2021

RECEIVED NYSCEF: 05/07/2021

Title XIX of the Social Security Act of 1965. (Page 21 of the CMM Plan Document)

For properly filed claims, you will be notified of a decision within 30 days from receipt of the claim unless additional time is needed. The time for response maybe extended up to 15 days if necessary due to matters beyond the control of the Plan and/or Plan Administrator. You will be notified of the circumstances requiring the extension of time and the date by which a decision is expected to be rendered. (Page 26 of the CMM Plan Document)

30. That HELENE SINATRA on behalf of the estate or MARIE VITTIBURGA made a timely claim under the plan.

31. On or about June 18, 2020, Robert A. Miklos, Esq., of Silberstein, Awad & Miklos, P.C., corresponded with the agents/employees of the defendant MERCER (US) INC., in regards to repayment/payment of the above discussed Medicare and Medicaid liens under the plan.

32. Robert A. Miklos, Esq., of Silberstein, Awad & Miklos, P.C. and HELENE SINATRA on behalf of the estate have provided all requested and relevant documentation and forms to MERCER (US) INC, in order for a determination to be made on behalf of the claim.

33. Currently, Robert A. Miklos, Esq., of Silberstein, Awad & Miklos, P.C. nor HELENE SINATRA, as Executrix of the Estate of MARIE VITTIBURGA, deceased, has received a decision regarding the above claim.

34. That MERCER (US) INC, and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST have not provided a determination on a timely basis as required by the plan.

35. That HELENE SINATRA as Executor of the Estate of MARIE VITTIBURGA has

11

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM

NYSCEF DOC. NO.

DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

INDEX NO. 510804/2021

RECEIVED NYSCEF: 05/07/2021

satisfied all conditions precedent to filing this lawsuit.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

36.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "35" of this Complaint with the same force and effect, as if more fully set forth at length herein.

37.  The Defendants MERCER (US) INC and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST and MARIE VITTIBURGA entered into a contract and agreement where The Defendants MERCER (US) INC and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST would pay benefits to MARIE VITTIBURGA under the terms of the NYSUT Members Benefit Plan.

38.  The Defendants MERCER (US) INC and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST are in violation and breach of contract of the  Catastrophe Major Medical Plan Plan Document Policy #CMMI - 001, and New York State Insurance Law §3224-a, as they have failed to issue determination regarding the claim submitted on behalf of HELENE SINATRA, as Executrix of the Estate of MARIE VITTIBURGA, deceased.

39.  The Defendants MERCER (US) INC and  NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST are in violation and breach of contract of the  Catastrophe Major Medical Plan Plan Document Policy #CMMI - 001,and New York State Insurance Law §3224, as they have failed to pay medical care costs and expenses incurred while MARIE VITTIBURGA was eligible

12

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 05/07/2021
DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

under the plan, including but not limited to the Medicare lien in the amount of $291,222.58 and the Medicaid lien in the amount of $98,436.01 as they are for covered services under the plan.

40.   By reasons of the foregoing, the Defendants MERCER (US) INC and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST are in Breach of Contract and Insurance Law §3224-a, as they have failed to pay the Medicare lien in the amount of $291,222.58 and the Medicaid lien in the amount of $98,436.01 or issue a determination of the claim.

## SECOND CAUSE OF ACTION: FOR A DECLARATORY JUDGMENT

41.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "40" of this Complaint with the same force and effect, as if more fully set forth at length herein.

42.   The Defendants MERCER (US) INC and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST's obligation to HELENE SINATRA, as Executrix of the Estate of MARIE VITTIBURGA, deceased, are continuing and unchanging.

43.   The Estate of MARIE VITTIBURGA is entitled to reimbursement/payment of the Medicare lien in the amount of $291,222.58 and the Medicaid lien in the amount of $98,436.01 by MERCER (US) INC and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST.

44.   Due to the foregoing, the Estate of MARIE VITTIBURGA is entitled to a judgment by the Court stating that MERCER (US) INC and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST is required to pay and

13

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM   INDEX NO. 510804/2021
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 05/07/2021
DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

reimburse the estate for the Medicare lien in the amount of $291,222.58 and the

Medicaid lien in the amount of $98,436.01 and other due and owing expenses under

the plan pursuant to the terms and conditions of the Catastrophe Major Medical Plan

Plan Document Policy #CMMI - 001.

### AS AN FOR AN THIRD CAUSE OF ACTION BASED ON GENERAL BUSINESS LAW §349, §350, UNCONSOLIDATED LAWS §8905-A, AND EXECUTIVE LAW §63(12).

45.   Plaintiff repeats, reiterates and realleges each and every aforementioned allegations

contained in paragraphs "1" through "44" herein, with the same force and effect as if

fully set forth at length herein.

46.   Based on the allegations mentioned above in this Complaint, plaintiff asserts that

defendants, and/or each of them, and/or either of them, violated General Business

Law §349, §350, Unconsolidated Laws §8905-a, and Executive Law §63(12).

47.   That, as an example, defendants, and/or each of them, and/or either of them,

engaged in materially deceptive acts to the consumer public, and, in particular, to

the plaintiff as a consumer and/or as part of the consumer public, by making

materially deceptive misrepresentations during the advertising, selling, soliciting, etc.,

of the benefits of the plan.  That the defendants engaged in misrepresentations and

deceptive acts to induce MARIE VITTABURGA to purchase and pay for benefits

under the plan with the knowledge by the defendants that any such benefits would

never be paid out.  That the defendants promised to pay the benefits under the plan

and knowingly sold Plaintiff the plan with the knowledge that the benefits would

never be paid out.  That the specific material misrepresentations are the terms of the

14

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM
INDEX NO. 510804/2021
NYSCEF DOC. NO.
DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E
RECEIVED NYSCEF: 05/07/2021

plan document itself which is attached hereto and are also contained in the advertising and other plan documents and presentations provided to MARIE VITTIBURGA and her employer which are in the exclusive possession of the defendants.

48.    That, as another example, defendants, and/or each of them, and/or either of them, engaged in materially deceptive acts to the consumer public, and, in particular, to the plaintiff as a consumer and/or as part of the consumer public, by making materially deceptive misrepresentations during the advertising, selling, soliciting, etc., of the benefits of the plan.  That the defendants engaged in misrepresentations and deceptive acts by promising to make determinations as to eligibility and benefits under the plan within certain time periods and had no intention to make such determinations.  That the defendants have delayed a determination and stalled in the determination and payments of the benefits due under the plan in that they have stated they have all the documents necessary to make a determination and then attempting to retract that statement once they realized that they had to render a determination within a short amount of time as required under the plan.

48.    That MARIE VITTIBURGA and HELENE SINATRA as Executor of the Estate of MARIE VITTIBURGA, relied, to their detriment, on such representations made by defendants, and/or each of them, and/or either of them, via their employees, agents, and/or servants.

49.    That plaintiff has direct, and/or private, cause(s) of action against defendants, and/or each of them, and/or either of them, including their employees, agents, and/or servants, and/or is a member of the class or classes of persons protected and/or

15

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM        INDEX NO. 510804/2021

NYSCEF DOC. NO. 1
DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E        RECEIVED NYSCEF: 05/07/2021

sought to be protected, pursuant to General Business Law §349, 350,

Unconsolidated Laws §8905-a, and Executive Law §63(12).

50.    That defendants, and/or each of them, and/or either of them, including their

employees, agents, and/or servants, owed the public, and in particular the plaintiff, a

duty not to engage in the above-mentioned materially deceptive acts, and/or not to

violate General Business Law §349, § 350, Unconsolidated Laws §8905-a, and

Executive Law §63(12).

51.    That defendants, and/or each of them, and/or either of them, breached the above-

mentioned duty to the public and, in particular, to the plaintiff's decedent..

52.  That by reason of the above-mentioned violations, and/or by reason of the above-

mentioned breach of duty and statutes, the plaintiff on behalf of the estate of MARIE

VITTIBURGA, asserts that she has suffered economic loss in the form of the Medicare and

Medicaid liens.  Further, that Plaintiff claims all premiums and monies paid in exchange for

the benefits in the plan as they were made under false and fraudulent representations.

53.    Upon information and belief, the delay of MERCER and NYSTS issuing a

decision regarding the submitted claims is part of a deceptive scheme, plan or practice to

deceive MARIE VITTIBURGA and HELENE SINATRA as Estate Representative and the

public at large.


54.    MERCER and NYSTS by representing to the public that catastrophic medical

claims will be reimbursed/paid while knowing that it will subsequently and intentionally erect

improper barriers to repayment/payment, constitutes a breach of New York's General

16

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM   INDEX NO. 510804/2021

NYSCEF DOC. NO. 1

DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

RECEIVED NYSCEF: 05/07/2021

Business Law §349, which prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

55.     The allegations at issue here are not unique to the dispute between Defendant and Plaintiff in this action, but have a broader impact on consumers at large.

56.     MERCER and NYSTS's conduct imposes additional societal costs and frustrates the objectives of New York's insurance scheme to institute fair, reasonable, transparent, effective and efficient methods to assure the prompt payment of medical expenses under New York health insurance plans and policies.

57.     That HELENE SINATRA as Executor of the estate of MARIE VITTIBURGA has been damaged by the actions of MERCER and NYSTS in that it has delayed issuing a decision and not paying out benefits under the plan regarding the submitted claims for reimbursement/ payment for covered medical claims.

58.     Due to the foregoing, Plaintiff seeks and is entitled to treble damages and costs and attorneys fees for this action.

**WHEREFORE**, Plaintiff HELENE SINATRA, as Executrix of the Estate of MARIE VITTIBURGA, deceased, demands judgment:

A. On the First Cause of Action, for a Breach of Contract and Insurance Law §3224-a, as they have failed to pay the Medicare lien in the amount of $291,222.58 and the Medicaid lien in the amount of $98,436.01 or issue a determination of the claim;

B. On the Second Cause of Action, for a judgment by the Court stating that MERCER (US) INC and NYSUT MEMBERS BENEFIT CORPORATION d/b/a NYSUT MEMBERS BENEFIT TRUST are required to make a determination as to the applicable plan benefits and to repay/pay the Medicare lien in the amount of

17

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM

NYSCEF DOC. NO. 1

DocuSign Envelope ID: AD600AF7-9683-498B-9765-A18299EF252E

INDEX NO. 510804/2021

RECEIVED NYSCEF: 05/07/2021

$291,222.58 and the Medicaid lien in the amount of $98,436.01;

C. On the Third Cause of Action, for a judgment by the Court in the amount of $291,222.58 for reimbursement of the Medicare lien and the Medicaid lien in the amount of $98,436.01, costs of all premiums and other costs in exchange for the benefits promised under the plan, treble damages, costs and attorneys fees and punitive damages.

Dated: April 23, 2021
Garden City, New York

SILBERSTEIN, AWAD & MIKLOS, P.C.

By: _____

ROBERT A. MIKLOS
Attorneys for Plaintiffs
600 Old Country Road, Suite 505
Garden City, New York 11530
(516) 832-7777
Our File No.: 7780

18

FILED: KINGS COUNTY CLERK 05/07/2021 10:53 AM
NYSCEF DOC. NO. 1
DocuSign Envelope ID: AD600AF7-9683-498B-9765-A16299EF252E

INDEX NO. 510804/2021
RECEIVED NYSCEF: 05/07/2021

## CLIENT VERIFICATION

HELENE SINATRA, being duly deposes and says under the penalties of perjury:

I, the undersigned, HELENE SINATRA, as the Executor of the estate of MARIE VITTIBURGA, am the plaintiff and I have read the foregoing

## COMPLAINT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

DocuSigned by:

_____
HELENE SINATRA

Sworn to before me this ____ day May, 2021

_____
NOTARY PUBLIC

JESSICA DIAZ
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01DI6317741P
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES DECEMBER 11, 20__

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM

NYSCEF DOC. NO. 3

INDEX NO. 510804/2021

RECEIVED NYSCEF: 05/10/2021

# EXHIBIT A

Case 1:21-cv-03280-EB-RML   Document 1-2   Filed 06/10/21   Page 18 of 52 PageID #: 27
INDEX NO. 510804/2021
RECEIVED NYSCEF: 05/10/2021

# Catastrophe Major Medical Plan
# Plan Document
## Policy # CMMI - 001

Sponsored by:
NYSUT Member Benefits Trust

Voluntary CMM Plan
$25,000 deductible

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM
INDEX NO. 510804/2021
NYSCEF DOC. NO. 3
RECEIVED NYSCEF: 05/10/2021

This page intentionally left blank

2

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM
NYSCEF DOC. NO. 3

INDEX NO. 510804/2021

RECEIVED NYSCEF: 05/10/2021

# Catastrophe Major Medical Plan
## Plan Document

## Table of Contents

I.     Introduction: What This Document Tells You......................................................4

II.    Summary of Benefits..............................................................................................6

III.   Eligibility...............................................................................................................8

IV.    Benefits, Exclusions and Limitations...................................................................15

V.     Claims...................................................................................................................23

VI.    General Provisions................................................................................................30

VII.   Definitions.............................................................................................................32

3

Case 1:21-cv-03280-FB-RML   Document 1-2   Filed 06/10/21   Page 21 of 52 PageID #: 30

# I. INTRODUCTION: WHAT THIS DOCUMENT TELLS YOU

This Plan Document describes the Catastrophe Major Medical benefits as provided by the Catastrophe Major Medical Plan (the "Plan") sponsored by NYSUT Member Benefits Trust (the "Trust"). This coverage is considered supplemental to your basic health coverage. The benefits described in this document are effective January 1, 2014 except for those provisions that specifically indicate other effective dates, and replaces all other plan documents, certificates and applicable riders to those documents previously provided to participants. Please note that for Benefit Period effective dates on or before December 31, 2013, the previous certificate of insurance applies.

- To determine if you are in a class of individuals who are eligible for benefits under this Plan, refer to the Eligibility section in this document. This is voluntary coverage for which you must enroll. Coverage is conditioned on you properly having enrolled yourself and any eligible dependents and providing proof of dependent status satisfactory to the Plan, as well as paying the premiums in a timely manner.
- The person named, and their covered dependents, if applicable, on the "Schedule of Benefits" page are covered for the benefits described in this Plan Document. This coverage is subject to the eligibility and effective date requirements of the Plan. The effective date of your coverage is listed on the Schedule of Benefits.

This document will help you understand and use the benefits provided by the Plan. You should review it and share it with those members of your family who are or will be covered by the Plan. It will give all of you an understanding of the coverage provided; the procedures to follow in submitting claims; and your responsibilities to provide necessary information to the Plan.

All provisions of this document contain important information. If you have any questions about your coverage or your obligations under the terms of the Plan, be sure to seek help or information.

The Plan Sponsor of this Plan is the Trust. The benefits of the Plan are self-insured with contributions (referred to in this document as "premiums") from eligible participants held in a trust and used to pay Plan benefits. An independent Plan Administrator pays benefits out of Plan assets.

## IMPORTANT INFORMATION

The Trust is committed to maintaining this coverage for participants and their families at an affordable cost; however, because future conditions cannot be predicted, the Trust reserves the right to amend or terminate the Plan at any time and for any reason. As the Plan is amended from time to time, you will be sent information explaining the changes. If those later notices describe a benefit or procedure that is different from what is described here, you should rely on the later information.

Rates change based on the Plan's experience and are typically effective each July 1, although the Trust may elect not to change rates on a July 1 or may elect to change rates more frequently.

Be sure to keep this document, along with notices of any Plan changes, in a safe and convenient place where you and your family can find and refer to them.

## IMPORTANT REMINDER

All participants must be covered by or insured under a Basic Plan, as defined in the *Definitions* section.

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                      RECEIVED NYSCEF: 05/10/2021

You or your dependents must promptly furnish to the Plan Administrator information regarding change of name, address, marriage, divorce or legal separation, death of any covered family member, change in domestic partnership status, or change in status of a dependent child.

Notify the Plan Administrator within 60 days, after any of the above noted events. Failure to give the Plan Administrator a timely notice (as noted above) may cause your spouse and/or your covered family members to lose their ability to obtain COBRA Continuation Coverage; may cause the coverage of a dependent child to end when it otherwise might continue because of a disability; may cause claims to not be able to be considered for payment until eligibility issues have been resolved; or may result in a participant's liability to repay the Plan if any benefits are paid to an ineligible person.

| QUICK REFERENCE CHART | |
|---|---|
| Plan Sponsor | NYSUT Member Benefits Trust<br>800 Troy-Schenectady Road<br>Latham, NY 12110-2455<br>Phone: (800) 626-8101<br>Website: memberbenefits.nysut.org |
| Plan Administrator<br>Responsibilities include the following:<br>➢ Enrollment/Eligibility<br>➢ Customer service<br>➢ Premium collection<br>➢ Claims processing<br>➢ Coordinating appeals | Mercer Consumer<br>P.O. Box 9186<br>Des Moines, IA 50306-9186<br>Phone: (888) 386-9788<br>Website: nysutmbteinsurance.com |

### Grandfathered Plan

The NYSUT Member Benefits Trust believes that the Plan is a "grandfathered health plan" under the Patient Protection and Affordable Care Act (Affordable Care Act). As permitted by the Affordable Care Act, a grandfathered health plan can preserve certain basic health coverage that was already in effect when that law was enacted. Being a grandfathered health plan means that your plan may not include certain consumer protections of the Affordable Care Act that apply to other plans, for example, the requirement for the provision of preventive health services without any cost sharing. However, grandfathered health plans must comply with certain other consumer protections in the Affordable Care Act, for example, the elimination of lifetime limits on certain benefits.

Questions regarding which protections apply and which protections do not apply to a grandfathered health plan and what might cause a plan to change its grandfathered health plan status can be directed to the Plan Administrator at the information above. You may also contact the Employee Benefits Security Administration, U.S. Department of Labor at 1-866-444-3272 or www.dol.gov/ebsa/healthreform. This website has a table summarizing which protections do and do not apply to grandfathered health plans.

5

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                       RECEIVED NYSCEF: 05/10/2021

## II. SUMMARY OF BENEFITS

Deductible for each Covered Participant per Accumulation Period for:

| | |
|---|---|
| Preventive and primary care benefits for children up to age 19 | None. No Deductible applies to these services. |
| For participants who remain covered under a Basic Plan, after their effective date | The amount of the Deductible you must meet before benefits are paid by this Plan is the greater of:<br>• The benefits of the Basic Plan; or<br>• Covered Charges that total $25,000 which are incurred in a dedicated Accumulation Period.<br><br>Covered Charges include cumulative benefit payments and out-of-pocket costs incurred under the Basic Plan both of which are based on the Allowed Amount determined by the Plan Administrator.<br><br>See the *Definitions* section for complete definitions of Covered Charges, Allowed Amount and Accumulation Period. |
| For participants who do not remain covered under a Basic Plan, after their effective date | The amount of the Deductible you must meet before benefits are paid by this Plan is an amount equal to:<br>• Covered Charges incurred during the first 70 days of each confinement in a Hospital;<br>• The first $10,000 of Covered Charges incurred for radiation or chemotherapy, physical or speech therapy;<br>• The first $50,000 of Covered Charges incurred as a result of services received from all Physicians; and<br>• The first $2,500 of Covered Charges received for prescription drugs during periods when the participant is not hospitalized. |
| Deductible Accumulation Period | 36 consecutive months |
| Benefit Period | Five (5) years |
| Benefits to be paid during each Benefit Period after the Deductible is satisfied | 100% of Covered Charges, except for private duty nursing which is paid at 85% of Covered Charges up to the lifetime maximum. |

Please note: A participant cannot request an increase or decrease in the per person deductible amount.

6

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM
INDEX NO. 510804/2021
NYSCEF DOC. NO. 3
RECEIVED NYSCEF: 05/10/2021

Maximum Benefits for each Covered Participant for:

| Each Benefit Period | No maximum benefit other than those outlined in this Plan Document |
|---|---|
| Charges for Hospital room and board, per day | 100% of Covered Charges for semi-private room |
| Charges for intensive care, per day | 100% of Covered Charges incurred in an intensive care unit |
| Charges for private duty nursing | • $120 per 8 hour shift ($360 per day)<br>• $35,000, while eligible for benefits under the Plan<br><br>Benefits are paid at 85% of Covered Charges up to the lifetime maximum. |
| Charges for ambulance service, while eligible for benefits under the Plan | 100% of Covered Charges |
| Charges for home health care | Up to 1,200 hours per calendar year during each Benefit Period |
| Charges for care in a Convalescent Home or Custodial Care Facility | • $500 per week<br>• $80,000, while eligible for benefits under the Plan<br><br>Benefits begin on the 6th day of such confinement. |

Please note: See the *Benefits, Exclusions and Limitations* section for details regarding the above benefits.

7

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                       RECEIVED NYSCEF: 05/10/2021

# III. ELIGIBILITY
## HOW AND WHEN COVERAGE BEGINS, IS MAINTAINED AND ENDS

**ELIGIBLE CLASSES OF PARTICIPANTS INCLUDE:**

1. All eligible NYSUT Members (as defined in the *Definitions* section) who were covered under the Prior Plan on December 31, 2013, as well as their dependents who were covered under the Prior Plan as of December 31, 2013; and
2. As of January 1, 2014, new dependents of NYSUT Members who were covered under the Prior Plan on December 31, 2013 who qualify for coverage.

All eligible participants must be a NYSUT Member or be an eligible dependent of a covered NYSUT Member and be covered by or insured under a Basic Plan (as defined in the *Definitions* section).

**NEW DEPENDENT ELIGIBILITY**

Dependents who may be added to your Plan include:

1. Lawful spouse, under age 80; or
   Domestic partner, under age 80

   For the purposes of the Plan, references to "spouse" will read "domestic partner" as it applies, unless specifically stated otherwise.

2. Children who are:
   a. under age 30; or
   b. an unmarried child over age 29 and primarily supported by you and incapable of self-sustaining employment by reason of mental or physical handicap. Proof of the illness, disability, retardation or handicap must be sent to the Plan Administrator within 31 days after the child attains the age limit.

   "Children" include natural children, stepchildren, adopted children and foster children. Adopted children include a child placed for adoption from the start of any waiting period prior to the finalization of the child's adoption. It also includes a newborn infant who is adopted by you from the moment you take physical custody of the child upon the child's release from the Hospital prior to the finalization of the child's adoption. Placed for adoption means the assumption and retention by the participant of a legal obligation for total or partial support of such child in anticipation of adoption of such child. The child's placement for adoption terminates upon the termination of such legal obligation.

   Qualified Medical Child Support Orders - According to federal law, you might be requested to enroll your children in the Plan due to a Qualified Medical Child Support Order (QMCSO) or a National Medical Support Order (NMSO) – a support order of a court or state agency that usually results from a divorce or legal separation. The Plan Administrator can provide more details about enrolling your children in such cases. The Plan Administrator will notify the NYSUT Member if a QMCSO is received. You may obtain a copy of the Plan's QMCSO procedures by contacting the Plan Administrator.

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                          RECEIVED NYSCEF: 05/10/2021

Please note:
- A person who is not covered under a Basic Plan is not considered an eligible dependent.
- A person who is in the military service is not considered an eligible dependent.
- Covered participants' parents and/or parents-in-law are not considered eligible dependents. However, parents and/or parents-in-law of covered participants who were enrolled in the Prior Plan may maintain their coverage.
- A person who is covered as a NYSUT Member cannot be covered as a dependent.
- If both the covered NYSUT Member and their spouse are covered under the Plan as covered NYSUT Members, their children may be covered as eligible dependents of either, but not both.

## NEW DEPENDENT ENROLLMENT PROCEDURES

If you (the NYSUT Member) acquire a new dependent as a result of marriage, birth, adoption, or placement for adoption after initial enrollment, that new dependent may be enrolled in the Plan. However, enrollment must be requested from the Plan Administrator within 60 days after the Life Event. In addition, you must submit to the Plan Administrator a completed enrollment form and proof of dependent status (as applicable), as well as pay the required premium.

If you do not enroll within the above time frame, you will not be able to enroll your new dependent.

Proof of dependent status includes a copy of the following:

- Spouse/Marriage: Marriage certificate.
- Child/Birth: Birth certificate showing biological child of the covered NYSUT Member.
- Stepchild: Birth certificate, divorce decree and marriage certificate.
- Adoption or placement for adoption: Court order signed by the judge showing that the covered NYSUT Member has adopted or intends to adopt the child and certified birth certificate.
- Foster Child: Court order documents signed by a judge verifying legal custody of the foster child (e.g. placement papers from a qualified state placement agency), or proof of judgment, decree or court order from a court of competent jurisdiction, plus the child's birth certificate and proof of any state-provided health coverage.
- Disabled Dependent Child: Current written statement from the child's Physician indicating the child's diagnoses that are the basis for the Physician's assessment that the child is currently mentally or physically disabled and that disability existed before the attainment of the Plan's age limit and is incapable of self-sustaining employment as a result of that disability; and dependent chiefly on you and/or your spouse for support and maintenance. The Plan may require that you show proof of initial and ongoing disability and that the child meets the Plan's definition of dependent child including proof that the child is claimed as a dependent for federal income tax purposes.
- Qualified Medical Child Support Order (QMCSO): Valid QMCSO document signed by a judge or a National Medical Support Notice.
- Domestic Partner: Signed affidavit by the covered NYSUT Member and domestic partner and proof that they meet the requirements of the Plan's domestic partner eligibility.

## START OF COVERAGE FOLLOWING ENROLLMENT OF NEW DEPENDENT

- Coverage of a new spouse or domestic partner who is properly enrolled, as described above, will become effective as of the first of the month after the Plan Administrator receives your properly completed paper work and premium payment.

9

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021

NYSCEF DOC. NO. 3                                        RECEIVED NYSCEF: 05/10/2021

- Coverage of a newborn or newly adopted newborn dependent child who is properly enrolled, as described above, will become effective as of the date of the child's birth. Note that each newborn child who becomes a dependent child will be covered under the Plan for 31 days from the date of birth.
- Coverage of a newly adopted dependent child or dependent child placed for adoption who is properly enrolled, as described above, more than 60 days after birth, but within 60 days after the child is adopted or placed for adoption, will become effective as of the date of the child's adoption or placement for adoption, whichever occurs first.

## TERMINATION OF COVERAGE

### Date coverage ends for covered NYSUT Member

Your (the NYSUT Member's) coverage will end at the earliest of:

1. the date the Plan terminates;
2. the end of the period for which the last premium has been paid by you;
3. the premium due date coinciding with or next following the date you cease to be a NYSUT Member;
4. upon your death; or
5. the date you, the NYSUT Member, request termination of coverage in writing.

### Date coverage ends for covered dependents

A dependent's coverage ends at the earliest of:

1. the date your (the covered NYSUT Member's) coverage ends;
2. the date the Plan terminates or eliminates coverage for dependents under the Plan;
3. with respect to children, the end of the month in which the child ceases to be a dependent as defined by the Plan;
4. with respect to an unmarried child who is primarily supported by you and incapable of self-sustaining employment by reason of mental or physical handicap, the end of the month in which the child marries, is no longer primarily supported by you or is no longer incapable of self-sustaining employment by reason of mental or physical handicap;
5. with respect to a spouse, domestic partner or parent-in-law, the end of the month in which the person ceases to be a lawful spouse, domestic partner or parent-in-law of the member;
6. the end of the period for which the last premium has been paid for the dependent; or
7. the date you request termination of a dependent's coverage in writing.

## END OF COVERAGE IF PREMIUM IS NOT PAID - GRACE PERIOD

Each premium, after the first, may be paid up to 31 days after its due date. This period is the grace period. The coverage will stay in effect during this period. If the premium is not paid by the end of this period, coverage under the Plan will end at that time.

## CONTINUATION OF COVERAGE

Coverage for you and your covered dependents will continue while the Plan is in force and as long as the required premium is paid within the guidelines set by the Plan.

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM   INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                                 RECEIVED NYSCEF: 05/10/2021

There are options for you (the NYSUT Member) to continue your coverage should your NYSUT membership lapse. In addition, there are options for your covered children to continue coverage should they become too old to be covered under the Plan, as well as options for your covered dependents to continue coverage should you die or you become divorced or legally separated.

You or your covered dependents must contact the Plan Administrator no later than 60 days after the event occurs (i.e., your NYSUT Membership lapses, you die, or you divorce/legally separate; or a covered child attains age 30), in order to choose any of the continuation options described below.

Premiums will be adjusted to reflect the covered person's age. If a refund of premium is due upon your death, it will be paid to your estate.

With respect to continuation of coverage for your spouse and dependent children, all rights under the Plan which were reserved to you prior to your death will be reserved to your surviving covered spouse, if any, otherwise to your oldest surviving covered child.

With respect to continuation of coverage for your dependent parent, parent-in-law, or domestic partner, all rights under the Plan which were reserved for you prior to your death, will be reserved to such parent, parent-in-law, or domestic partner with respect to such person's coverage under the Plan.

Continuation of coverage for the NYSUT Member whose NYSUT membership lapses

Should your (the NYSUT Member's) NYSUT membership lapse, your options to continue coverage for you and your covered dependents include:

- Become a NYSUT Associate Member (Continuing NYSUT Member Benefits Coverage category) and continue to pay the Plan's required premium. Maintaining NYSUT Associate Membership will allow you and your covered dependents to remain covered under the Plan under the same terms as a NYSUT Member; or
- Choose COBRA continuation and pay the required premium, which will allow you to remain covered under the Plan for a limited amount of time as described below, and you will not be able to rejoin the Plan at a later time.

Continuation of coverage for dependents who lose coverage

When your covered dependent ceases to meet the eligibility requirements under the Plan (e.g., a child reaches age 30 or is no longer disabled; or you and your spouse divorce; or you die), he or she can no longer be covered under the Plan as your dependent. However, he or she has two options for continuing coverage on his or her own:

- Your dependent can become a NYSUT Associate Member (Continuing NYSUT Member Benefits category) and continue to pay the Plan's required premium. Maintaining NYSUT Associate Membership will allow your covered dependent to remain covered under the Plan under the same terms as a NYSUT Member; or
- Choose COBRA continuation and pay the required premium, which will allow your covered dependent to remain covered under the Plan for only 36 months. Once the 36 months is over, their coverage will end, and they will not be able to rejoin the Plan at a later time.

11

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM    INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 05/10/2021

CONTINUATION COVERAGE RIGHTS UNDER COBRA – GENERAL NOTICE

Federal law requires that you be provided with a General Notice of your continuation rights under COBRA upon becoming covered under this Plan:

**IMPORTANT INFORMATION - CONTINUATION COVERAGE RIGHTS UNDER COBRA**

*Introduction*

This notice contains important information about your right to COBRA continuation coverage, which is a temporary extension of coverage under the Plan. This notice generally explains COBRA continuation coverage, when it may become available to you and your family, and what you need to do to protect the right to receive it.

The right to COBRA continuation coverage was created by a federal law, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). COBRA continuation coverage can become available to you when you would otherwise lose your group health coverage. It can also become available to other members of your family who are covered under the Plan when they would otherwise lose their group health coverage. Because this notice does not fully describe COBRA continuation coverage or other rights under the Plan, for more complete information about such rights and obligations under the Plan and under federal law, you should review NYSUT Member Benefits Trust's Summary Plan Description or contact the Plan Administrator, Mercer Consumer, at P.O. Box 9186, Des Moines, IA 50306-9186.

*What is COBRA continuation coverage?*

COBRA continuation coverage is a continuation of Plan coverage when coverage would otherwise end because of a Life Event known as a "qualifying event." Specific qualifying events are listed later in this notice. After a qualifying event, COBRA continuation coverage must be offered to each person who is a "qualified beneficiary." You, your spouse, dependent children, parents and parents-in-law could become qualified beneficiaries, if coverage under the Plan is lost because of the qualifying event. Under the Plan, qualified beneficiaries who elect COBRA continuation coverage must pay for COBRA continuation coverage.

If you are a NYSUT Member, you will become a qualified beneficiary if you lose your coverage under the Plan because the following qualifying event occurs:

- Your NYSUT Membership ends.

If you are the spouse of a NYSUT Member, you will become a qualified beneficiary if you lose your coverage under the Plan because any of the following qualifying events occurs:

- Your spouse (the covered NYSUT Member) dies;
- Your spouse's (the covered NYSUT Member) NYSUT membership ends; or
- You become divorced or legally separated from your spouse.

If you are a dependent child, you will become a qualified beneficiary if you lose coverage under the Plan because any of the following qualifying events occurs:

12

- Your parent (the covered NYSUT Member) dies;
- Your parent's (the covered NYSUT Member) NYSUT membership ends; or
- You (the child) stops being eligible for coverage under the plan as a "dependent child."

If you are a parent or parent-in-law, you will become a qualified beneficiary if you lose coverage under the Plan because any of the following qualifying events occurs:

- Your son/daughter or son/daughter-in-law (the covered NYSUT Member) dies;
- Your son's/daughter's or son/daughter-in-law's (the covered NYSUT Member) NYSUT membership ends; or
- You stop being eligible for coverage under the Plan as a parent-in-law because your son/daughter-in-law divorces or is legally separated from his/her spouse (your child).

*When is COBRA coverage available?/Your obligation to notify the Plan Administrator*

The Plan will offer COBRA continuation coverage to qualified beneficiaries only after the Plan Administrator has been notified that a qualifying event has occurred. The Plan Administrator must be notified within 60 days after the qualifying event has occurred.

All notices of qualifying events must be sent to: Mercer Consumer, P.O. Box 9186, Des Moines, IA 50306-9186. The notice should include the current date, your name, address, phone number, NYSUT ID and name of the NYSUT Member, the name of the qualified beneficiary(ies), the type of qualifying event, the date the qualifying event occurred, the signature of the person notifying the Plan Administrator of the qualifying event, and supporting documentation, as applicable (e.g., a copy of the dated signature page of the divorce decree or separation agreement).

*How is COBRA coverage provided?*

Once the Plan Administrator receives notice that a qualifying event has occurred, COBRA continuation coverage will be offered to each of the qualified beneficiaries. Each qualified beneficiary will have an independent right to elect COBRA continuation coverage. Covered NYSUT Members may elect COBRA continuation coverage on behalf of their spouses and/or children.

COBRA continuation coverage is a temporary continuation of coverage. When the qualifying event is the death of the NYSUT Member, your divorce or legal separation, or a dependent child losing eligibility as a dependent child, COBRA continuation coverage lasts for up to a total of 36 months.

When the qualifying event is due to the end of NYSUT membership, COBRA continuation coverage generally lasts for only up to a total of 18 months. There are two ways in which this 18-month period of COBRA continuation coverage can be extended:

*Disability extension of 18-month period of continuation coverage*

If you or anyone in your family covered under the Plan is determined by the Social Security Administration to be disabled and you notify the Plan Administrator in a timely fashion, you and your entire family may be entitled to receive up to an additional 11 months of COBRA continuation coverage, for a total maximum of 29 months. The disability would have to have started at some time before the 60th day of COBRA continuation coverage and must last at least until the end of the 18-month period of continuation coverage.

13

*Second qualifying event extension of 18-month period of continuation coverage*

If your family experiences another qualifying event while receiving 18 months of COBRA continuation coverage, the spouse and dependent children in your family can get up to 18 additional months of COBRA continuation coverage, for a maximum of 36 months, if notice of the second qualifying event is properly given to the Plan. This extension may be available to the spouse and any dependent children receiving continuation coverage, if the NYSUT Member or former NYSUT Member dies or gets divorced or legally separated, or if the dependent child stops being eligible under the Plan as a dependent child, but only if the event would have caused the spouse or dependent child to lose coverage under the Plan had the first qualifying event not occurred.

*If you have questions*

Questions concerning your Plan or your COBRA continuation coverage rights should be addressed to Mercer Consumer, P.O. Box 9186, Des Moines, IA 50306-9186. For more information about your rights under the Employee Retirement Income Security Act (ERISA), including COBRA, the Health Insurance Portability and Accountability Act (HIPAA), and other laws affecting group health plans, contact the nearest Regional or District Office of the U.S. Department of Labor's Employee Benefits Security Administration (EBSA) in your area or visit the EBSA Web site at *www.dol.gov/ebsa*. (Addresses and phone numbers of Regional and District EBSA Offices are available through EBSA's Web site.)

*Keep your Plan informed of address changes*

In order to protect your family's rights, you should keep the Plan Administrator informed of any changes in the addresses of family members. You should also keep a copy, for your records, of any notices you send to the Plan Administrator.

## HIPAA CERTIFICATION OF CREDITABLE COVERAGE WHEN COVERAGE ENDS

*Note: This provision will terminate as of December 31, 2014.* When your coverage ends (including COBRA coverage), the Plan Administrator will automatically provide you and/or your covered dependents (free of charge) with a HIPAA Certificate of Coverage that indicates the period of time you and/or they were covered under the Plan. If your coverage under this Plan ends, and you and/or your covered dependents become eligible for coverage under another group health plan, or if you buy, for yourself and/or your covered dependents, a health insurance policy, you may need this certificate (to prove that you did not have a break in coverage of 63 consecutive days or more) in order to reduce any exclusion for Pre-Existing Conditions that may apply to you and/or your covered dependents in that new group health plan or health insurance policy. The certificate will indicate the period of time you and/or they were covered under this Plan, and certain additional information that is required by law.

The certificate will be sent to you (or to any of your covered dependents) by first class mail shortly after your (or their) coverage under this Plan ends. This certificate will be provided to you after your pre-COBRA group health coverage terminates, as well as when COBRA coverage ends. In addition, a certificate will be provided to you and/or any covered dependent upon receipt of a written request for such a certificate, if that request is received by the Plan Administrator within two years after the later of the date your coverage under this Plan ended or the date COBRA coverage ended.

Case 1:21-cv-03280-FB-RML   Document 1-2   Filed 06/10/21   Page 32 of 52 PageID #: 41

# IV. BENEFITS, EXCLUSIONS AND LIMITATIONS

Benefits are paid under the Plan once you meet the Deductible and are only for the Covered Charges incurred and paid for a Non-Job Related Injury or Sickness. Once you meet the Deductible, the plan pays the Covered Charges listed in this section.

## DEDUCTIBLE

A $25,000 Deductible must be satisfied by each covered participant under the Plan before any eligible benefits are paid. Covered participants have up to 36 consecutive months to accumulate the Deductible. Covered Charges paid by Basic Plan(s) and/or Medicare can be used to satisfy the Deductible, in addition to eligible out-of-pocket expenses. Only charges that are actually incurred and paid are considered Covered Charges under the Plan. Many Basic Plans have discount arrangements with Providers and billed charges may not be Covered Charges. Amounts in excess of the Allowed Charge and services that are not covered will not be considered Covered Charges and will not be applied to the Deductible.

Note that if you are not covered under a Basic Plan after your effective date, the amount of the Deductible is different. In such a case, the amount of the Deductible you must meet before benefits are paid by this Plan is an amount equal to:

- Covered Charges incurred during the first 70 days of each confinement in a Hospital;
- The first $10,000 of Covered Charges incurred for radiation or chemotherapy, physical or speech therapy;
- The first $50,000 of Covered Charges incurred as a result of services received from all Physicians; and
- The first $2,500 of Covered Changes received for prescription drugs during periods when the participant is not hospitalized.

Covered Charges are based on what the Plan Administrator determines are the Allowed Charges under this Plan.

If two (2) or more covered family members are injured in the same accident or contract the same contagious disease, the Covered Charges incurred by each such person due to the accident or the same contagious disease, when contracted within 30 days, will be combined. If the total exceeds one Deductible amount, no further Deductible will be required for such persons for the remainder of the Benefit Period.

## BENEFIT PERIOD

Benefits are payable when a participant incurs Covered Charges in excess of the Deductible. The Benefit Period will begin on the date on which the first Covered Charge is incurred that is used to satisfy the Deductible. Benefits may be paid for an injury or sickness during the period of time called the "Benefit Period." The Benefit Period is five (5) years.

The Benefit Period will end on the earlier of:

- the end of the Benefit Period; or
- the end of a period of 12 consecutive months during which no charge is incurred for an injury or sickness.

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM   INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                          RECEIVED NYSCEF: 05/10/2021

A new Deductible will be required when the Benefit Period expires.

The maximum amount of benefits to be paid for each participant is shown in the Summary of Benefits.

For Benefit Period effective dates on or before December 31, 2013, the Prior Plan applies.

No benefits will be payable under the Plan during the period for which benefits are payable under the Prior Plan, in accordance with its terms. After such period, benefits will be payable provided benefits in excess of the maximum benefit shown in the Summary of Benefits have not been paid. This includes benefits paid under the Prior Plan plus any benefits paid under the Plan.

## COVERED CHARGES

"Covered Charges" refers to those amounts that are considered in satisfying the Deductible and/or are payable as benefits under the Plan. Covered Charges may include health insurance benefit payments and out-of-pocket expenses that you incurred under a Basic Plan(s). Covered Charges are determined by the Plan Administrator or its designee and are limited to those that are:

1. incurred by the claimant within the applicable Accumulation Period or Benefit Period;
2. Medically Necessary, but only to the extent that the charges are Covered Charges;
3. for the diagnosis or treatment of an injury or illness (except for the preventive services payable by the Plan); and
4. not services or supplies that are excluded from coverage (as described later in this section); and
5. not services or supplies in excess of any applicable maximum as shown in the Summary of Benefits.

The Covered Charge amount is determined by the Plan Administrator or its designee to be the lowest of:

1. With respect to an In-Network Provider under your Basic Plan, the actual amount paid by the Basic Plan to the Provider for the service; or
2. With respect to all other Providers, the Reasonable and Customary (R&C) amount allowed for a claim as determined by the Plan Administrator; or
3. The Physician's or health care provider's/facility's actual billed charge.

Please note:
- Only charges that are actually incurred and paid are considered Covered Charges under the Plan.
- Amounts in excess of Covered Charges, as well as services that are not covered, will not be considered Covered Charges and will not be applied to the Deductible.
- The Plan will not reimburse you for any expenses that are not determined to be Covered Charges.
- Many Basic Plans have discount arrangements with Providers; therefore, billed charges may not be considered Covered Charges by the Plan Administrator.
- The Plan Administrator may not base its benefits determination on the Physician's or health care provider's actual charge for health care services or supplies.
- The Plan Administrator reserves the right to have the billed amount of a claim reviewed by an independent medical review firm/provider to assist in determining the Covered Charge amount.
- The term "Covered Charges" is also referred to as Allowed Charge, Allowed Amount, Allowable Charge and Maximum Allowable Fee.

The Plan only pays Covered Charges as described below:

16

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM                    INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 05/10/2021

1. Covered Charges made by a Hospital for:
   - room and board, up to the amount shown in the Summary of Benefits;
   - intensive care, up to the amount shown in the Summary of Benefits; and
   - services and supplies.

2. Covered Charges made by a nursing home for confinement for convalescent or custodial care, up to the amount shown in the Summary of Benefits. Benefits begin on the 6th day of such confinement.

   The confinement must be due to an injury or sickness for which benefits are payable under the Plan. The confinement must be prescribed by the attending Physician.

3. Covered Charges made by a Physician for:

   - diagnosis;
   - treatment; and
   - surgery.

4. Covered Charges made for private duty nursing, while in a Hospital or at home, by a registered nurse or licensed practical nurse who is not a member of the participant's immediate family or household, up to the amount shown in the Summary of Benefits. If services are rendered while in a Hospital, the Physician must indicate what services will be rendered that the Hospital's staff nurses cannot perform and why.

5. Covered Charges for physiotherapy given by a licensed physiotherapist.

6. Covered Charges for ambulance service to or from a Hospital.

7. Covered Charges for:

   - anesthetics and their administration;
   - x-ray services;
   - lab tests and services;
   - preventive mammography and cytologic screening;
   - use of radium and radioactive isotopes;
   - oxygen;
   - blood and blood plasma (to the extent not replaced by donors); and
   - drugs which by law may only be dispensed with a prescription. Covered Charges for drugs used in the treatment of cancer will not be excluded on the basis that such drug has been prescribed for the treatment of a type of cancer for which the drug has not been approved by the Food and Drug Administration, provided, however, that such drug must be recognized for treatment of the specific type of cancer for which the drug has been:

     a. prescribed in one of the following reference compendia:
        - the American Medical Association Drug Evaluations;
        - the American Hospital Formulary Service Drug Information; or
        - the United States Pharmacopeia Drug information; or
     b. recommended by review article or editorial comment in a major peer reviewed professional journal.

17

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM    INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                RECEIVED NYSCEF: 05/10/2021

In no event, however, will coverage be provided for any experimental or investigational drugs or any drug which the Food and Drug Administration has determined to be contraindicated for treatment of the specific type of cancer for which the drug has been prescribed.

8. Covered Charges to buy, rent, repair or maintain:

   - artificial limbs;
   - crutches;
   - wheel chairs; and
   - other medical equipment, appliances and supplies.

9. Covered Charges made for Hospice care, as follows:

   - Covered Charges made by a Hospice, up to 210 consecutive days of confinement per Benefit Period; and
   - Covered Charges for five (5) visits per Benefit Period for bereavement counseling to the family of the terminally ill participant. Family means the parent, spouse, sibling or child of the terminally ill participant.

10. Covered Charges made for home health care, as follows:

    - part-time or intermittent home nursing care by, or supervised by, a registered nurse;
    - part-time or intermittent home health aide services which mainly care for the patient;
    - occupational, speech, respiratory or physical therapy;
    - medical social work; and
    - special meals and nutritional services.

Benefits are payable when a plan of care is provided for home health care and care is:

   - provided by a Home Health Care Agency certified by a state department of health or as defined in Title XVIII of the Social Security Act;
   - in lieu of confinement in a Hospital or skilled nursing facility (as defined in Title XVIII of the Social Security Act);
   - set up and approved, in writing, by a Physician;
   - provided by a trained certified home health care provider, and cannot be provided by a family member; and
   - provided under a treatment plan that is prescribed by the Physician that is documented with a daily log kept by the home health care provider of services performed on behalf of the patient.

Benefits will be paid for up to 1200 hours of home health care per calendar year (e.g., 300 visits at four (4) hours per visit). The duration and frequency may vary.

Benefits will not be paid in excess of those that would be paid by the Plan for similar charges incurred while hospitalized.

In certain circumstances, approval of home health care benefits when services are provided by a licensed or certified individual care giver who is not employed by an agency, as described above, may be considered by the Plan Administrator. All the other criteria listed above would apply; however, the hourly reimbursement amount will be substantially lower.

18

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM    INDEX NO. 510804/2021

NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 05/10/2021

## PREGNANCY BENEFITS

### For Complications of Pregnancy

The benefits to be paid by any section of the Plan for a Complication of Pregnancy will be the same as those to be paid for a sickness.

### For pregnancy paid as any-other-sickness

As used in this Plan for the benefits shown below, the term "sickness" includes:

- pregnancy;
- childbirth;
- abortion;
- complications of any abortion; and
- related medical conditions;

all referred to as "pregnancy."

## BENEFITS FOR PREVENTIVE AND PRIMARY CARE SERVICES FOR COVERED DEPENDENT CHILDREN

Covered Charges for these services will be provided from the moment of birth to age 19 years.

Preventive and Primary Care Services mean the following services:

- An initial Hospital check-up and well-child visits scheduled in accordance with the prevailing clinical standards of a national association of pediatric Physicians designated by the commissioner of health. Benefit shall be provided only to the extent that the services are provided by or under the supervision of a Physician, or other licensed health care professional; and

- At each visit, services in accordance with the prevailing clinical standards of such designated association, including:

  - a medical history;
  - a complete physical examination;
  - developmental assessment;
  - anticipatory guidance; and
  - appropriate immunizations and laboratory tests which are ordered at the time of the visit and performed in the practitioner's office or in a clinical laboratory. ("Immunizations" means those recommended by the Health Resources and Services Administration's (HRSA's) Bright Futures Project which meet the standards approved by the United States public health service for such biological products.)

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM    INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                          RECEIVED NYSCEF: 05/10/2021

## RECONSTRUCTIVE SERVICES AND BREAST RECONSTRUCTION AFTER MASTECTOMY

This Plan complies with the Women's Health and Cancer Rights Act (WHCRA) that indicates that for any covered individual who is receiving benefits in connection with a mastectomy and who elects breast reconstruction in connection with it, coverage will be provided in a manner determined in consultation with the attending Physician and the patient, including:

- reconstruction of the breast on which the mastectomy was performed;
- surgery and reconstruction of the other breast to produce a symmetrical appearance; and
- prostheses and physical complications for all stages of mastectomy, including lymphedemas.

Coverage for mastectomy-related services or benefits will be subject to the same payment provisions that apply with respect to other medical or surgical benefits provided under this Plan.

## HOSPITAL LENGTH OF STAY FOR CHILDBIRTH

Group health plans and health insurance issuers generally may not, under Federal law, restrict benefits for any hospital length of stay in connection with childbirth for the mother or newborn child to less than 48 hours following a vaginal delivery, or less than 96 hours following a cesarean section. However, Federal law generally does not prohibit the mother's or newborn's attending Provider, after consulting with the mother, from discharging the mother or her newborn earlier than 48 hours (or 96 hours as applicable). In any case, plans and issuers may not, under Federal law, require that a Provider obtain authorization from a plan or insurance issuer for prescribing a length of stay not in excess of 48 hours (or 96 hours).

Coverage will be subject to the same payment provisions that apply with respect to other medical or surgical benefits provided under this Plan.

## BENEFITS COVERED WITH LIMITATIONS

Benefits will be paid for Covered Charges incurred for the medical services shown below only to the extent described below.

Dental care, treatment or surgery

Charges for these services will be considered Covered Charges only if:

- they result from a Non-Job Related Injury to natural teeth; and
- the injury is caused by an accident which occurs while the participant is covered.

Treatment for temporomandibular joint dysfunction (TMJ)

Charges for these services will be considered Covered Charges, except for those charges for crowns or bridgework.

Eye exams to prescribe or fit corrective lenses for eye glasses

Charges for these services will be considered Covered Charges only if:

- the charges result from a Non-Job Related Injury; and

20

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM    INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                RECEIVED NYSCEF: 05/10/2021

- the injury is caused by an accident which occurs while the participant is covered.

Cosmetic treatment or surgery

Charges for these services will be considered Covered Charges only if they result from:

- a Non-Job Related Injury or Sickness; or
- a congenital disease or anomaly of a dependent child resulting in a functional defect.

Diagnosis and treatment for alcoholism or alcohol abuse and substance abuse or substance dependence

For these services, only the following charges will be covered:

- Covered Charges incurred while the participant is hospitalized;
- Covered Charges incurred for inpatient rehabilitation in a certified or accredited alcoholic or substance abuse treatment center; and
- Covered Charges incurred for outpatient diagnosis and treatment in a certified or accredited alcoholic or substance abuse treatment center. Family members of the alcoholic or substance abuser may be covered for up to 20 such visits.

Diagnosis and treatment for psychiatric, mental, nervous or emotional disorders, ailments or illness.

For these services, only the following charges will be covered in a Mental Health Treatment Facility:

- Covered Charges incurred while the participant is hospitalized.
- Covered Charges incurred for outpatient visits. Outpatient benefits must be provided by:

  - a facility that has been issued an operating certificate by the commissioner of mental health pursuant to the Mental Hygiene Law or other similar state law;
  - a facility operated by the Office of Mental Health;
  - a psychiatrist or psychologist licensed to practice in the state in which services are rendered;
  - a licensed clinical social worker who is practicing within the lawful scope of his or her license; or
  - a professional corporation of such psychiatrists or psychologists or university faculty practice corporation.

## GENERAL EXCLUSIONS

No medical care benefits will be paid by the Plan for charges incurred for treatment:

1. given after a participant's coverage ends, regardless of when the injury or sickness occurred; however, benefits may be provided as described in the *Benefits After Coverage Ends* section;

2. that is not essential (i.e., is not Medically Necessary) for the Necessary Care or Treatment of the injury or sickness involved;

3. that would be given free of charge if the participant was not covered. However, medical care benefits will be paid for Covered Charges incurred by a state for medical assistance to a covered participant under Title XIX of the Social Security Act of 1965;

21

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                        RECEIVED NYSCEF: 05/10/2021

4.  which results from a war or an act of war;

5.  which results from intentionally self-inflicted injury;

6.  that is given by a participant's spouse or his or his spouse's father, mother, son, daughter, brother or sister;

7.  that is given by a participant's employer or an employee of such employer; or

8.  that is given while serving on full-time active duty for more than 30 consecutive days in the Armed Forces of any country or international authority. (The Plan will refund premium on a pro rata basis for any such period of full-time active duty).

## CHARGES NOT COVERED

1.  Charges to buy or rent:

    - air conditioners;
    - air purifiers;
    - motorized transportation equipment;
    - escalators or elevators in private homes;
    - eye glass frames or lenses;
    - hearing aids;
    - swimming pools or supplies for them; or
    - general exercise equipment.

2.  Charges for a routine physical exam, except:

    - charges for preventive mammography and cytologic screening; and
    - as provided in the *Benefits for Preventive and Primary Care Services for Covered Dependent Children* section.

3.  Charges for bed holds in a Convalescent Home or Custodial Care Facility.

## BENEFITS AFTER COVERAGE ENDS

If a participant's coverage ends after he or she has established a Benefit Period under the Plan, benefits will continue to be paid for Covered Charges until such Benefit Period has been exhausted.

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM
NYSCEF DOC. NO. 3

INDEX NO. 510804/2021

RECEIVED NYSCEF: 05/10/2021

# V. CLAIMS

For claims filed with a Benefit Period effective date on or before December 31, 2013, the Prior Plan applies. No benefits will be payable under the Plan during the period for which benefits are payable under the Prior Plan, in accordance with its terms. After such period, benefits will be payable provided benefits in excess of the maximum benefit shown in the Summary of Benefits have not been paid. This includes benefits paid under the Prior Plan plus any benefits paid under the Plan.

## COORDINATION OF BENEFITS WHEN FILING A CLAIM

This section will be used to determine a participant's benefits under the Plan if:

- the participant is covered for medical care benefits under the Plan and is also covered for these benefits under other similar plans; and
- the benefits that would be paid by the Plan, without this section;

## PLUS

- the benefits that would be paid by the other similar plans, without a section similar to this section, would exceed Allowed Expenses (as defined in this section).

Definitions for purposes of Coordination of Benefits (COB)

For purposes of this COB section, "plan" means a catastrophic or excess plan that provides benefits supplemental to the covered participant's own basic medical-Hospital-surgical expense plan. The plan may be provided through:

1. group or blanket insurance coverage, other than blanket school accident coverages, or coverages issued to like groups where the policyholder pays the premium;

2. pre-paid plans for:

   - group Hospital service;
   - group medical service;
   - group practice;
   - individual practice; or
   - any other such plans for members of a group;

3. any plan provided by:

   - labor management trusts;
   - unions;
   - employer organizations;
   - professional organizations; or
   - employee benefit organizations;

4. a government program or statute, other than a state medical assistance plan that implements Title XIX of the Social Security Act of 1965 or any law or plan when its benefits are required to exceed those of any private insurance plan or other non-governmental plan; or

23

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021

NYSCEF DOC. NO. 3                                         RECEIVED NYSCEF: 05/10/2021

5. medical benefits coverage in group and individual mandatory automobile "no fault" and traditional mandatory automobile "fault" type contracts.

Allowed Expense for purposes of this section means an expense which is:

- necessary, reasonable and customary;
- incurred while the participant (for whom claim is made) is covered, or is entitled to benefits after coverage ends, under the Plan; and
- at least partly covered under one of the plans covering such participant.

When a plan provides a benefit as a service rather than a cash payment, the reasonable cash value of the service will be considered to be both an Allowed Expense and a benefit paid.

Effect on benefits under this Plan

When this section is used, the rules listed below will determine the amount of benefit each plan will pay. All benefits will be determined on a calendar year basis.

These rules may require this Plan to pay its benefits first. If so, this Plan will pay its full benefits without taking into account other plan's benefits.

These rules may require one or more of the other plans to pay their benefits before this Plan. If so, this Plan will reduce its benefits so that in any calendar year, the sum of all benefits to be paid to a participant (by this and all other plans) equals the Allowed Expenses for that year.

Benefits to be paid under other plans include benefits that would be paid if proper claim is made for such benefits.

Rules to determine which plan pays first

A plan, or part of one, that does not have a section similar to this section will pay its benefits before a plan that has such a section.

In all other cases, the plan that will pay its benefits first will be:

1. the plan which covers the participant as an employee rather than as a retiree or a laid off person.

   Item 1 will not apply unless a similar provision is contained in all plans. In this case item 2, 3 or 4 will determine which plan pays first.

2. if 1 does not apply, the plan which covers the participant as an employee, retiree or laid off person rather than as a dependent.

3. if 1 and 2 do not apply, the plan which covers the participant as a dependent of the parent whose month and date of birth occurs earlier in the year.

   If the other plan has a rule based on the gender of the parent, the gender rule will determine the order of benefits.

24

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM
NYSCEF DOC. NO. 3
INDEX NO. 510804/2021
RECEIVED NYSCEF: 05/10/2021

However, a child's parents may be divorced or separated; if so, the plan to pay its benefits first will be the plan which covers the child as a dependent of the parent with custody rather than as a dependent of the parent without custody.

If the parent with custody remarries:

- the plan which covers the child as a dependent of a parent with custody will pay its benefits first;
- the plan which covers the child as a dependent of a stepparent will pay its benefits next; and
- the plan which covers the child as a dependent of a parent without custody will pay its benefits last.

A court decree may require the parent without custody to be financially responsible for the child's health care. If so, the plan to pay its benefits first will be the plan which covers the child as a dependent of the parent with such responsibility rather than as a dependent of any other person.

4. if 1, 2 and 3 above do not apply, the plan which has covered the participant for the longer time rather than for the shorter time.

If the benefits of this Plan are reduced due to these rules, such reduction will be done in proportion. Any benefits paid by this Plan on a reduced basis will be charged against the benefit limits of this Plan.

Right to receive and release necessary information

For this section to work, the Plan must exchange information with other plans. To do so, the Plan may give to or get from any source all such information it thinks necessary. This will be done without the consent of or notice to any person. Any person claiming benefits under this Plan must give to the Plan Administrator the information it requires.

Facility of Payment

Another plan may pay a benefit that should be paid by the Plan by the terms of this section. If this happens, the Plan may pay to such payor the amount required for it to satisfy the intent of this section. This will be done at the discretion of the Plan. Any amount so paid will be considered a benefit paid under this Plan. The Plan will not be liable for such payment after it is made.

## CLAIM SUBMISSION DEADLINE

Claims must be filed within five (5) years of incurring the claim expense.

## FILING A CLAIM

A claim or request for Plan benefits requires that you submit a completed claim form. Inquiries about the Plan's provisions that are unrelated to any specific benefit claim or are exclusively about eligibility are not considered claims. All claims paid under this Plan are considered "post-service claims" meaning that they are claims submitted for payment after health services and treatment have been obtained. In order to accurately process your claim, the Plan Administrator may require the following documents in order to process your claim:

25

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                      RECEIVED NYSCEF: 05/10/2021

- Completed and signed claim form;
- Explanation of Benefits (EOB) from all your health insurance plans;
- Itemized Invoices from Providers which can include Hospitals; and/or
- Letters of Medical Necessity from your Physician.

Each document mentioned above provides valuable information on your claim. Other documents may also be required by the Plan Administrator to complete your claim, and you will be notified by the Plan Administrator, if necessary.

To file a claim, follow these steps:

Step 1:

Contact the Plan Administrator by phone, mail or website to obtain a Claim Form.

Step 2:

Complete the Claim Form. Include all supporting EOB's, itemized invoices and any additional documentation. Mail completed form and supporting documents to the Plan Administrator. Retain copies for your records.

Step 3:

The Plan Administrator will provide confirmation of the receipt of claim. When a claim is processed by the Plan Administrator, you will be sent a document called an Explanation of Benefits (EOB). The EOB describes how the claim was processed, such as Allowed Amounts, amounts applied to your Deductible, if certain services were denied and why, and how to appeal a claim. When applicable, if the claim is incomplete and/or missing information, you will be told what additional information is required from you.

## PAYMENT OF CLAIMS

All benefits will be paid as they accrue. For properly filed claims, you will be notified of a decision within 30 days from receipt of the claim unless additional time is needed. The time for response may be extended up to 15 days if necessary due to matters beyond the control of the Plan and/or Plan Administrator. You will be notified of the circumstances requiring the extension of time and the date by which a decision is expected to be rendered.

If an extension is needed because the Plan Administrator requires additional information, you will be sent an EOB which will specify the information needed. The claim will be considered closed until the additional information is supplied by you and/or your Provider, and the normal period for making a decision on the claim will be suspended. Once the additional information is received by the Plan Administrator, the claim will be reopened and processed accordingly, subject to the Plan's five (5)-year time limit for filing a claim.

## RETURN OF OVER PAYMENT

If the Plan Administrator incorrectly pays benefits in excess of those allowed by the Plan, the Plan has the right to recover such excess from:

- any person to or for whom such payments were made;

26

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM    INDEX NO. 510804/2021

NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 05/10/2021

- any other insurer; or
- any other organization.

## IF BENEFITS ARE PAID IN ERROR

Medical care benefits paid by the Plan must be returned to the Plan Administrator, if it is found that such benefits were paid in error.

## IF A COVERED PARTICIPANT RECEIVES PAYMENT FROM A THIRD PARTY

The Plan may require the return of medical care benefits paid for an injury or sickness up to the amount a covered participant receives for that injury or sickness through a third party settlement or satisfied judgment. The Plan will only require such payment when the amounts received through such settlement or judgment are specifically identified as amounts paid for Hospital, medical or surgical services, for which the Plan has paid benefits.

If a covered participant makes a claim to the Plan for medical care benefits, as described above, prior to receiving payment from a third party, or its insurer, he must agree in writing to repay the Plan from such monies received by him from the third party, or its insurer. The repayment will be to the extent of the benefits paid by the Plan. However, the reasonable pro rata expenses, such as lawyers' fees and court costs incurred in effecting the third party payment, may be deducted from the repayment.

The repayment agreement will be binding upon the covered participant regardless of whether:

1. the payment received from the third party, or its insurer, is the result of a legal judgment or a compromise settlement; or

2. the third party, or its insurer, has admitted liability for the payment.

## CLAIM APPEAL PROCESS

Written Notice of Denial of Claim:  The Plan Administrator will notify you in writing, if payment of your claim is denied in whole or in part including a determination that a benefit is not a Covered Charge. This information will be included with the EOB that the Plan Administrator will issue when your claim is processed and will explain the reason(s) why your claim was denied.

Your Rights to Review Documents

You have the right to review documents relevant to your claim. A document, record or other information is relevant if it falls into any of the following categories:

1. The Plan Administrator relied on it in making the decision;

2. The Plan Administrator submitted, considered or generated it (regardless of whether it was relied upon);

3. It demonstrates compliance with the Plan's administrative processes for ensuring consistent decision-making; or

4. It constitutes a statement of Plan policy regarding the denied treatment or service.

27

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM   INDEX NO. 510804/2021

NYSCEF DOC. NO. 3                                                      RECEIVED NYSCEF: 05/10/2021

Upon request, you will be provided with the identification of medical or vocational experts, if any, that gave advice to the Plan Administrator on your claim, without regard to whether their advice was relied upon in deciding your claim.

You will lose your right to bring legal action against the Plan if you fail to follow the Plan's claims and appeal procedures in a timely fashion (see the *Limitation on When a Lawsuit May Be Started* section).

Request for Review of Denied Claim – Right to Appeal

The Plan maintains a two level appeal process that is described below. A different person will review your claim than the one who originally denied the claim. The reviewer will not give deference to the initial adverse benefit determination. The decision will be made on the basis of the record, including such additional documents and comments that you may submit.

If your claim was denied on the basis of a medical judgment (such as a determination that the treatment or service was not medically necessary, or was investigational or experimental), a health care professional who has appropriate training and experience in a relevant field of medicine will be consulted.

Level 1 Appeal: If your claim is denied, or if you disagree with the amount paid on a claim, you (or other representative you authorize on your behalf) may ask for a review by the Plan Administrator (an Appeal Request). Your request for review or reconsideration of a denied claim (a Level 1 Appeal request) must be made in writing to the Plan Administrator within 180 days of the date on the EOB. If any additional information is needed to process your request for review, it will be requested promptly. The decision on any review of your claim will be given to you in writing. It will explain the reasons for the decision, with reference to the applicable provisions of the Plan.

Ordinarily, a decision will be reached within 30 days after receipt of your request for review. However, in special circumstances, up to an additional 30 days may be necessary to reach a final decision. You will be advised in writing after receipt of your request for review if an additional period of time will be necessary to reach a final decision.

Level 2 Appeal (Final Level of Appeal): If you are dissatisfied with the outcome of the Level 1 Appeal determination, you may ask for a Level 2 review. You must submit your written request to the Plan Administrator within 60 days after you receive the Level 1 Appeal decision. The Plan Administrator will forward your request for further review to an independent third party, together with any additional information you have in support of your request. The independent third party reserves the right to utilize the assistance of an independent medical review firm in the research and resolution of a claim appeal.

A decision on this review of your claim will be given to you in writing, explaining the reasons for the decision, with reference to the applicable provisions of the Plan. Ordinarily, this decision will be reached within 30 days after receipt of your request for review. However, in special circumstances, up to an additional 30 days may be necessary to reach a final decision. You will be advised in writing after receipt of your request for review if an additional period of time will be necessary to reach a final decision. The decision of the independent third party will be final and conclusive upon all persons.

## LIMITATION ON WHEN A LAWSUIT MAY BE STARTED

You or any other claimant may not start a lawsuit or other legal action to obtain Plan benefits, including proceedings before administrative agencies, until after all administrative procedures have been exhausted

28

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM                    INDEX NO. 510804/2021

NYSCEF DOC. NO. 3                                                RECEIVED NYSCEF: 05/10/2021

(including this Plan's claim appeal review procedures described above) for every issue deemed relevant by the claimant, or until 90 days have elapsed since you filed a request for appeal review, if you have not received a final decision or notice that an additional 30 days will be necessary to reach a final decision.

No lawsuit may be started more than three years after the end of the year in which a claim was denied.

## DISCRETIONARY AUTHORITY OF PLAN ADMINISTRATOR AND DESIGNEES

In carrying out their respective responsibilities under the Plan, the Plan Administrator or its delegate/designee, other Plan fiduciaries, and the insurers or administrators of the Plan have been delegated and have discretionary authority to interpret the terms of the Plan including, but not limited to, the discretionary authority to resolve ambiguities or inconsistencies in the Plan and to determine the extent to which a person is eligible and entitled to any Plan benefits. The Plan Administrator has full discretionary authority to interpret the terms of the Plan and to determine eligibility and entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made under that discretionary authority will be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious. Any interpretation or determination by the Plan Administrator or its delegate/designee, made in good faith which is not contrary to law, is conclusive on all persons affected.

## FACILITY OF PAYMENT

If the Plan Administrator or its designee determines that you cannot submit a claim or prove that you or your covered dependent paid any or all of the charges for health care services that are covered by the Plan because you are incompetent, incapacitated or in a coma, the Plan may, at its discretion, pay Plan benefits directly to the health care provider(s) who provided the health care services or supplies, or to any other individual who is providing for your care and support. Any such payment of Plan benefits will completely discharge the Plan's obligations to the extent of that payment. Neither the Plan or the Plan Administrator, nor any other designee of the Plan Administrator, will be required to see to the application of the money so paid.

# VI. GENERAL PROVISIONS

## AGENT FOR SERVICE OF LEGAL PROCESS

For disputes arising under the Plan, service of legal process may be made on the Plan's Legal Counsel: Meyer, Suozzi, English & Klein, P.C., 1350 Broadway, Suite 501, P.O. Box 822, New York, NY 10018.

## PLAN YEAR

The Plan's fiscal records are kept on a calendar year basis beginning on January 1 and ending on December 31.

## NO LIABILITY FOR PRACTICE OF MEDICINE

The Plan, Plan Administrator or any of their designees are not engaged in the practice of medicine, nor do any of them have any control over any diagnosis, treatment, care or lack thereof, or any health care services provided or delivered to you by any Provider. Neither the Plan, Plan Administrator, nor any of their designees, will have any liability whatsoever for any loss or injury caused to you by any Provider by reason of negligence, by failure to provide care or treatment, or otherwise.

## HIPAA: USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION

Effective April 14, 2003, a federal law, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), requires that health plans like this Plan, maintain the privacy of your personally identifiable health information (called Protected Health Information or PHI).

The term PHI includes all information related to your past, present or future health condition(s) that individually identifies you or could reasonably be used to identify you and is transferred to another entity or maintained by the Plan in oral, written, electronic or any other form.

A complete description of your rights under HIPAA can be found in the NYSUT Member Benefits Trust's Notice of Privacy Practices, which is available on the NYSUT Member Benefits Trust website at memberbenefits.nysut.org. Information about HIPAA in this document is not intended and cannot be construed as the Plan's Notice of Privacy Practices.

## CANCELLATION DURING FIRST 30 DAYS

You may cancel the coverage described in this Plan Document within the first 30-days after initial enrollment. Mail this Plan Document with your written request for cancellation to the Plan Administrator who will promptly refund the premium paid, including any fees.

## MISSTATEMENTS

A participant's age, sex or any other data may be misstated.  If so, the correct data will be used to determine if coverage is in force. If coverage is in force, the premium and/or benefits will be adjusted according to the facts.

30

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM          INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                      RECEIVED NYSCEF: 05/10/2021

## PAYMENT TO A MINOR OR INCOMPETENT

If any beneficiary or payee is a minor or is incompetent to receive payment, the Plan Administrator will pay his guardian. The Plan Administrator will not be liable for such payment after it is made.

## ASSIGNMENT

The Plan Administrator will not be bound by any assignment unless it is in writing and is recorded at its home office and is not responsible for the validity of an assignment.

## COMPLIANCE WITH LAW

On the date the Plan takes effect, some of its provisions may conflict with an applicable law. If so, any such provision is changed to comply with the minimums required by such law.

## GENDER

Male pronouns will be read as female where it applies.

## RESCISSIONS

The Plan may rescind your coverage if you commit fraud or make an intentional misrepresentation of material fact.

## PLAN AMENDMENTS OR TERMINATION OF PLAN

The Trust reserves the right to amend or terminate this Plan, or any part of it, at any time without advance notice to participants. This includes the discretionary right to interpret, revise, supplement or rescind any or all portions of the Plan.

Amendments to the Plan may be made in writing and become effective upon the written approval of the Trust, or on such other date as may be specified in the document amending the Plan.

Allocation and disposition of assets upon termination

In order for the Plan to carry out its obligation to provide the maximum possible benefits to all participants within the limits of its resources, the Trust has the right to take any of the following actions, even if claims that have already accrued are affected:

- terminate any benefits provided by the Plan;
- alter or postpone the method of payment of any benefit; or
- amend or rescind any provision of the Plan.

In addition, the Plan may be terminated by the Trust, provided that the termination is not effective until 60 days after the mailing of such notice. In the event the Plan terminates, the Trust will determine the disposition of any assets remaining after all expenses of the Plan and the Trust have been paid; provided that any such distribution will be made only for the benefit of former participants and for the purposes set forth in the Plan. Upon termination of the Plan, the Trust will continue in such capacity for the purpose of dissolution of the Plan.

31

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM    INDEX NO. 510804/2021
NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 05/10/2021

# VII. DEFINITIONS

*Accumulation Period* means the period of time during which a covered participant incurs Covered Charges toward satisfaction of a Deductible.

*Basic Plan* means a plan which:
1. provides benefits or services for, or by reason of, Hospital, surgical, medical, convalescent, or custodial care or treatment through:

   a. group, blanket, franchise, or individual insurance coverage;
   b. group, blanket, franchise, or individual pre-paid plans for:
      - group or individual Hospital service;
      - group or individual medical service;
      - group practice;
      - individual practice; and
      - any other such plans for members of a group;
   c. any plan provided by:
      - labor management trusts;
      - unions;
      - employer organizations;
      - professional organizations; or
      - employee benefit organizations;
   d. a government program or statute, including Medicare, other than a state medical assistance plan that implements Title XIX of the Social Security Act of 1965;
   e. medical benefits coverage in group and individual mandatory automobile "no fault" and traditional mandatory automobile "fault" type contracts; and
   f. group, blanket, franchise, or individual long-term care, nursing home, home health care, or nursing home and home health care insurance coverage, or any plan which provides coverage for convalescent or custodial care in a nursing home or in a private residence;

   which the benefits in this Plan are intended to supplement; and

2. provides benefits at least as great as the following:
   - semi-private room and board of $300, per day for 70 days;
   - $25,000 for extra services; and
   - a $5,000 surgical schedule.

The minimum amounts listed above do not apply to plans which primarily provide benefits for long term care, nursing home care or home health care.

*Benefit Period* means the period of time during which benefits are payable. This Plan's Benefit Period is five (5) years.

*Complications of Pregnancy* means:
- conditions distinct from pregnancy, but caused or affected by it, which require hospitalization, provided the pregnancy does not terminate during such hospitalization;
- non-elective cesarean section;
- a terminated ectopic pregnancy; or
- spontaneous termination of pregnancy which occurs when a viable birth is not possible.

32

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM    INDEX NO. 510804/2021
NYSCEF DOC. NO. 3                                          RECEIVED NYSCEF: 05/10/2021

*Convalescent Home* means a licensed institution that maintains a daily record, which is available to the Plan Administrator, on the condition of and the services to each participant, and that has on its premises:

- organized facilities to care for and treat its patients;
- a staff of Physicians to supervise such care and treatment; and
- a Registered Nurse (RN) on duty at all times.

Convalescent Home does not mean a place, or part of one, which is used mainly for:

- the aged;
- alcoholics;
- drug addicts; or
- person with mental, nervous or emotional disorders.

"Nursing Homes" are considered Convalescent Homes or Custodial Care Facilities for purposes of paying claims.

*Covered Charges (also referred to as Allowed Charge, Allowed Amount, Allowable Charge & Maximum Allowable Fee)* means those amounts, as determined by the Plan Administrator, that are considered in satisfying the Deductible and/or are payable as benefits under the Plan.

*Custodial Care Facility* means a licensed facility which provides care made up of services and supplies which a covered participant needs to assist him in the activities of daily living. Such facility must maintain a daily record, which is available to the Plan Administrator, on the condition of and the services to each patient.

Custodial Care Facility does not mean a place, or part of one, which is used mainly for:

- the aged;
- alcoholics;
- drug addicts; or
- person with mental, nervous or emotional disorders.

"Nursing Homes" are considered Convalescent Homes or Custodial Care Facilities for purposes of paying claims.

*Deductible* means the amount of Covered Charges paid by your Basic Plans and Medicare (if applicable), as well as your out-of-pocket Covered Charges, before you are eligible for benefits under the Plan.

*Home Health Care Agency* means an agency or organization that provides a program of home health care and meets one of the following three tests:

1. it is approved by Medicare;
2. it is licensed as a Home Health Care Agency by the regulatory authority having responsibility for the licensing under the laws of the jurisdiction in which it is located; or
3. it meets all of the following requirements which includes but are not limited to:
   - has the primary purpose of providing a home health care delivery system bringing supportive skilled nursing and other therapeutic services under the supervision of a Physician or RN to the home;
   - has a full-time administrator;
   - is run according to rules established by a group of professional health care providers including Physicians and RNs;

33

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM
NYSCEF DOC. NO. 3

INDEX NO. 510804/2021

RECEIVED NYSCEF: 05/10/2021

- maintains written clinical records of services provided to all patients;
- its staff includes at least one RN or it has nursing care by an RN available;
- its employees are bonded; and
- maintains malpractice insurance coverage.
- Note: Nurse Registries do not fall under this definition.

*Hospice* means an entity licensed, approved or authorized to provide inpatient and/or outpatient medical relief of pain and supportive care to terminally ill persons. Such entity must have on its premises:
- organized facilities to care for and treat terminally ill persons; and
- a paid staff of medical professionals to supervise such care and treatment.

A Physician must certify that the terminally ill person has a life expectancy of six (6) months or less.

*Hospital* means a class of health care institutions that is a public or private facility or institution, licensed and operating as a Hospital in accordance with the laws of the appropriate legally authorized agency, which:
- provides care and treatment by Physicians and nurses on a 24-hour basis for illness or injury through the medical, surgical and diagnostic facilities on its premises;
- provides diagnosis and treatment on an inpatient basis for compensation; and
- is approved by Medicare as a Hospital.

The facility may also be accredited as a Hospital by the Joint Commission on the Accreditation of Healthcare Organizations (JCAHO). A Hospital may include facilities for mental health treatment that are licensed and operated according to law.

Any portion of a Hospital used as an ambulatory surgical/outpatient surgery facility, birth (or birthing) center, Hospice, skilled nursing facility, inpatient rehabilitation facility, subacute care facility/long term acute care facility or other residential treatment facility or place for rest, custodial care, or facility for the aged will not be regarded as a Hospital for any purpose related to this Plan.

*Life Event* means a qualifying event which would allow for an eligible dependent to be added to the existing coverage (e.g., marriage, birth, etc.).

*Medically Necessary/Medical Necessity/Necessary Care or Treatment* means care, treatment, services or supplies which are:
- recommended, approved or certified by a Physician as necessary and reasonable; and
- commonly viewed by the American Medical Association as being proper treatment.

Necessary Care or Treatment does not mean care, treatment, services or supplies which are:
- to train a person for a job or to educate him; or
- experimental in nature.

*Medicare* means Parts A B, C and D of the medical care benefits provided by Title XVIII of the Social Security Act of 1965.

*Mental Health Treatment Facility* means a specialized facility that is established, equipped, operated and staffed primarily for the purpose of providing a program for diagnosis, evaluation and effective treatment of mental health disorders and which fully meets one of the following two tests:

34

FILED: KINGS COUNTY CLERK 05/10/2021 09:18 AM
NYSCEF DOC. NO. 3

INDEX NO. 510804/2021
RECEIVED NYSCEF: 05/10/2021

1. It is licensed as a mental health treatment facility by the regulatory authority having responsibility for the licensing under the laws of the jurisdiction in which it is located; or
2. Where licensing is not required, it meets all of the following requirements: has at least one Physician on staff or on call and provides skilled nursing care by licensed nurses under the direction of a full-time RN and prepares and maintains a written plan of treatment for each patient based on the medical, psychological and social needs of the patient.

A residential treatment facility, transitional facility, group home, halfway house or temporary shelter is not a Mental Health Treatment Facility under this Plan.

*Non-Job Related Injury or Sickness* means conditions for which a person is not entitled to benefits from a workers' compensation or similar law.

*NYSUT Member* means an in-service, retired or Associate Member (Continuing NYSUT Member Benefits Coverage category) of NYSUT, as well as an agency fee payer to NYSUT.

*Physician or Provider* means:

- a medical practitioner licensed to provide medical services and perform general surgery; or
- any other practitioner whose services, by law of the state where such services are performed, must be covered by the Plan.

Each such person must be licensed in the state where he performs the service and must act within the scope of that license. He must also be certified and/or registered if required by such state.

*Prior Plan* means NYSUT Member Benefit Trust's plan in effect on December 31, 2013, group policy number E-170,129, underwritten by The United States Life Insurance Company in the City of New York.

*Reasonable and Customary* means a charge not more than the usual charge for medical treatment in the locality where it is received. The nature and severity of the injury or sickness involved will be taken into account.